UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Joseph M. Williams, Esq.,
as Administrator Ad Litem for
the Estate of Paul Mosley, Jr.

    Plaintiff,

vs.                                Case No. 8:05-CV-68-T-23EAJ

Florida Health Sciences Center,
Inc. d/b/a Tampa General Hospital,

    Defendant.

_____/

ORDER

    Before the court are **Defendant Florida Health Sciences Center, Inc.'s Emergency Motion for Protective Order** (Dkt. 20), filed on May 13, 2005, as well as affidavits in support of the motion for protective order (Dkt. 21). Plaintiff filed a response in opposition to the motion for protective order on May 20, 2004 (Dkt. 25) and a notice with state court documents attached (Dkt. 26).

    Defendant argues that Plaintiff has improperly scheduled the depositions of three high level executives of the Defendant hospital: Ron Hytoff, Carol Heaberlin, and Deana Nelson. Defendant describes the three executives as "apex" deponents, and argues that these individuals have no information about the instant suit[1] and

---

[1] Each of the three deponents has submitted an affidavit swearing that they have no personal knowledge of the facts of the case. (Dkt. 21). The affiants also state that the dates and times

that the depositions were set to harass the executives and to interfere with the operation of the hospital.[2]  Defendant asserts that Plaintiff should not be permitted to pursue depositions of these individuals without first seeking the information through less intrusive means.

Defendant also argues that Plaintiff has engaged in discovery practices in violation of Local Rule 3.02(a), M.D. Fla.,[3] and the Discovery Practice Manual for the Middle District of Florida by unilaterally scheduling the depositions of the three above-named executives without at least 10 days advance notice.[4]

Upon receiving Defendant's emergency motion for protective on order on May 13, 2005, this court entered a preliminary order staying the three depositions pending a response in opposition from Plaintiff (Dkt. 22).

---

for the depositions were not "cleared" with them. (Id.)

[2] Rule 26(c), Fed.R.Civ.P., provides general authority to the courts to protect parties from "annoyance, embarrassment, oppression or undue burden or expense."

[3] Local Rule 3.02(a) states in pertinent part that "a party desiring to take the deposition of any person upon oral examination shall give at least ten (10) days notice in writing to every other party to the action and to the deponent . . ." Local Rule 3.02(a), M.D. Fla.

[4] The Discovery Practice Manual states, "A courteous lawyer is normally expected to accommodate the schedules of opposing lawyers. In doing so, the attorney can either pre-arrange a deposition, or notice the deposition while at the same time indicating a willingness to be reasonable about necessary rescheduling. Ordinarily, at least ten (10) days notice is required.  See Local Rule 3.02, Middle District of Florida."

Plaintiff submitted a response in opposition to the emergency motion for protective order on May 20, 2005; however, Plaintiff's two-page response is devoid of legal analysis while asserting in conclusory terms that Defendant is attempting to prohibit Defendant from deposing the instant deponents. (Dkt. 25)  Local Rule 3.01(b) states in pertinent part, "Each party opposing any written motion or other application shall file and serve . . . a brief or legal memorandum with **citation of authorities** in opposition to the relief requested."  Local Rule 3.01(b), M.D. Fla. (emphasis added). Plaintiff's response (Dkt. 25), which fails to include a single citation of authority, fails to comply with the Local Rules and is therefore **STRICKEN**.

The standard for obtaining a protective order is "good cause." See Rule 26(c), Fed.R.Civ.P.  To establish good cause, a party requesting a protective order must submit "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." Gulf Oil Co. v. Bernard, 452 U.S. 89, 102 n.16 (1981)(internal citations omitted).

Defendant in the instant case has demonstrated good cause for the issuance of a protective order concerning the depositions of its executives, as Defendant has shown that the notices of depositions were sent out without sufficient notice to individuals. Further, even if adequate notice were provided, good cause has been demonstrated to prohibit their depositions based on their averred

3

lack of personal knowledge of any facts relating to this case.

Accordingly and upon consideration, it is **ORDERED** and **ADJUDGED** that:

(1) **Defendant Florida Health Sciences Center, Inc.'s Emergency Motion for Protective Order** (Dkt. 20) is **GRANTED.** Ron Hytoff, Carol Heaberlin, and Deana Nelson are protected from being deposed by Plaintiff; and

(2) Plaintiff's response in opposition to the motion for protective order is **STRICKEN** (Dkt. 25).

**DONE AND ORDERED** in Tampa, Florida on this 6th day of June, 2005.

ELIZABETH A JENKINS
United States Magistrate Judge