# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**JOSEPH M. WILLIAMS, ESQUIRE,**
as Administrator ad litem of the
Estate of **PAUL MOSLEY, JR.,**

    **Plaintiff,**

v.                                                                   Case No. 8:05-CV-68-T-23EAJ

**FLORIDA HEALTH SCIENCES CENTER,**
**INC.,** d/b/a Tampa General Hospital,

    **Defendant.**
_____/

## ORDER

Before the court are Plaintiff's **First Motion to Compel Better Answers to Plaintiff's Request for Production Dated January 24, 2006** (Dkt. 69), Plaintiff's **Second Motion to Compel Better Answers to Plaintiff's Request for Production Dated January 24, 2006** (Dkt. 68), and Defendant's **Response** to these motions (Dkt. 70).[1]  Also before the court are Plaintiff's **Motion to Extend Discovery Cut-off Date** (Dkt. 71) and Defendant's **Response** (Dkt. 72).

**I.     Background**

On March 9, 1998, Paul Mosley, Jr. was seriously injured in an accident and taken to Tampa General Hospital ("Defendant" or "Tampa General").  Mr. Mosley died on March 16, 1998 and in 2000 his estate brought an action in state court for medical malpractice and wrongful death.  In the present case, Plaintiff alleges that Defendant altered and destroyed parts of Mr. Mosley's hospital records to prevent Plaintiff from succeeding on the state medical malpractice claim.  Plaintiff alleges

---

[1]Plaintiff's First Motion to Compel discusses three specific requests for production while Plaintiff's Second Motion to Compel raises four other requests for production.  Defendant's Response addresses all seven requests for production.

that in the state court case, Tampa General gave Plaintiff what it claimed was Mr. Mosley's entire hospital record consisting of 191 pages. Plaintiff claims that in September 2004, Plaintiff learned that the actual hospital record was 327 pages long. Plaintiff alleges that the expert in the medical malpractice case was given the "fraudulent hospital record" by Tampa General and relied on that record in forming his opinions. Plaintiff maintains that this was part of a conspiracy between Tampa General and the Florida Board of Regents to deny Plaintiff meaningful access to the courts in violation of the due process clause of the Fourteenth Amendment. Plaintiff brings a cause of action against Tampa General for this alleged constitutional violation, fraud on the court, and common-law fraud. (Dkt. 1).

## II.     First and Second Motions to Compel

In the current motions to compel, the parties dispute the propriety of seven of Plaintiff's requests for production.[2] In a somewhat simplified form, these requests are for:

1. any and all correspondence, communication, etc., of any nature whatsoever, between Defendant and Professional Risk Management, Inc. ("PRM").

2. any and all reviews, evaluations, and performance critiques regarding PRM while handling the risk management of Defendant.

3. any and all contracts between Defendant and PRM.

4. any and all correspondence, communications, etc., of any nature whatsoever, between Florida Board of Regents, its attorneys, agents, representatives, etc., and Defendant, its attorneys, agents, representatives, etc., regarding the hospital admission of March 9, 1998 of Plaintiff.

5. any and all pre-suit correspondence, communications, etc., of any nature whatsoever between the Florida Board of Regents, its attorneys, agents, representatives, etc., and Defendant and its attorneys, agents, representatives, etc.

---

[2]The parties agree that these requests for production were timely.

  6. any and all correspondence, communications, etc., of any nature whatsoever, between treating physicians, their attorneys, agents, representatives, etc., if any and Defendant and/or the Florida Board of Regents, their attorneys, agents, representatives, etc.

  7. any and all correspondence, communications, etc., of any nature whatsoever, between Defendant and any third parties regarding the hospital admission of March 9, 1998 of Plaintiff.

(Dkt. 68 at 2-5; Dkt. 69 at 2-4). Defendant maintains that these requests are overbroad, seek irrelevant materials, and that some of the materials sought are protected by work product and pre-suit protections. (Dkt. 70). Plaintiff argues that each request is relevant and, to the extent Defendant asserts a privilege, Defendant has failed to provide a privilege log as required by Fed.R.Civ.P. 26.

  Once a relevancy objection has been made, the party seeking discovery must demonstrate that the request is within the scope of discovery. <u>Andritz Sprout-Bauer, Inc. v. Beazer East, Inc.</u>, 174 F.R.D. 609, 631 (M.D. Pa. 1997). Federal Rule of Civil Procedure 26(b)(1) allows discovery of "any matter, not privileged, that is relevant to the claim or defense of any party . . . ." Fed.R.Civ.P. 26(b)(1). The information requested need not be admissible if the discovery is "reasonably calculated to lead to the discovery of admissible evidence," but it must be relevant. <u>Id</u>. Rule 26(b)(1) was amended in 2000 to encourage the parties and the court to focus "on the actual claims and defenses involved in the action." Rule 26, Fed. R. Civ. P., Advisory Committee Note. The rule change signaled to the court that "it has the authority to confine discovery to the claims and defenses asserted in the pleadings . . ." <u>Id</u>.

  The first two requests for production that Plaintiff seeks to compel are for correspondence or communications, of any nature whatsoever, between Defendant and Professional Risk Management, Inc. ("PRM") and for all reviews, evaluations, and performance critiques regarding PRM while it handled risk management for Defendant. PRM performed risk management services

for Tampa General and handled the pre-suit investigation surrounding Paul Mosley, Jr's death. (Dkt. 69 at 2; Dkt. 70 at 3).

Plaintiff states that these requests are relevant to his claims because it was a PRM representative who told Plaintiff that the hospital record of Paul Mosley, Jr. was 191 pages long. (Dkt. 69 at 2, 3). Defendant argues that these two requests are overly broad because they are not limited to communications related to Paul Mosley, Jr. Defendant asserts that the second request—for Defendant's evaluations of PMR—is irrelevant because Plaintiff has not alleged that PMR failed to perform its risk management duties. Defendant also states that these requests are unlimited in time and encompass documents from time periods beyond the scope of Plaintiff's claims. (Dkt. 70 at 3-4).

The crux of Plaintiff's case is whether Defendant Tampa General provided an incomplete hospital record to Plaintiff during a previous suit. PRM is not named as a defendant in the current action. It is possible that some correspondence or communications between Defendant and PRM could hypothetically be relevant to Defendant's representations to Plaintiff regarding Paul Mosley, Jr's hospital record. However, Plaintiff's request for all communications of any kind between Defendant and PRM is vastly overbroad. It is not limited to communications regarding Paul Mosley, Jr., nor is it restricted in time to the period surrounding Paul Mosley, Jr.'s stay at Tampa General.

Plaintiff's next request, for Defendant's reviews and performance evaluations of PRM, seeks documents that are irrelevant. Plaintiff does not demonstrate how a performance evaluation of PRM would relate in any way to Tampa General's alleged non-disclosure of Paul Mosley, Jr.'s complete hospital record. The court may deny a motion to compel if it concludes that the information sought is irrelevant. Burger King Corp. v. Weaver, 169 F.3d 1310, 1320 (11th Cir. 1999) (citing

Commercial Union Ins. Co. v. Westrope, 730 F.2d 729, 732 (11th Cir. 1984)).  In addition, the request for performance evaluations is not limited in time to a reasonable interval surrounding Paul Mosley, Jr.'s time spent at Tampa General.  Therefore, the motion to compel is denied as to requests one and two.

Plaintiff asserts that the third request listed above, for any and all contracts between Defendant and PRM, is relevant to the scope of PRM's employment with Defendant and that Plaintiff seeks only contractual information for a reasonable period before and after the date of the incident. (Dkt. 69 at 4).  Defendant argues that the contracts requested are irrelevant and do not bear upon any material fact pertinent to Plaintiff's claims, that the request is overly broad and seeks contracts outside the scope of the Plaintiff's case, and that it is unlimited in time. (Dkt. 70 at 6).

Although Plaintiff claims that the third request above is limited in time, as phrased it encompasses all contracts of any kind, made at any time, between Defendant and PRM.  Plaintiff does not show how contracts between Tampa General and PRM have any bearing on the issue of whether Tampa General provided a complete hospital record to Plaintiff in a previous action.  In addition to being wholly irrelevant to the case at hand, this request is overbroad in both the scope of the documents requested and the unlimited time period for which they are sought.  Therefore the motion to compel is denied as to this request.

Plaintiff's next three requests for production (numbered 4-6) center on Tampa General's communications with the Florida Board of Regents or treating physicians.  To summarize these requests, Plaintiff seeks all correspondence and communications between: (1) the Florida Board of Regents and Defendant regarding the hospital admission of March 9, 1998 of Plaintiff, (2) the Florida Board of Regents and Defendant regarding any subject matter, and (3) treating physicians

5

and Defendant or the Florida Board of Regents. Plaintiff argues that this information is relevant to show Defendant's intent to deprive Plaintiff of his civil rights. Defendant claims that the requests are irrelevant, overbroad, and unrelated to the issue before the court, i.e., the production by Defendant of Mr. Mosley Jr.'s medical records. (Dkt. 70 at 8-9). As an example, Defendant argues that Plaintiff's request regarding treating physicians encompasses all medical records of any patient ever to be treated at Tampa General because those medical records contain progress notes from the treating physicians to nurses who are hospital employees. (Dkt. 70 at 8).

However, request number 4 for all communications between the Florida Board of Regents—an entity with which many of Tampa General's physicians, including the physicians that treated Plaintiff, are affiliated—and Tampa General regarding Plaintiff's March 9, 1998 hospital admission seeks materials that are relevant to Plaintiff's claims. Defendant states that communications that took place during Paul Mosley, Jr.'s hospital admission are contained in the medical records already in Plaintiff's possession. (Dkt. 70 at 8). Defendant also asserts that those communications between the Florida Board of Regents and Defendant that took place during the medical malpractice pre-suit investigation period are protected by statute and that those which took place during suit are protected by the joint defense privilege. Id. It does not appear that Defendant has provided Plaintiff with a privilege log pursuant to Fed.R.Civ.P. 26(b)(5).[3]

Since request 4 is tailored to include only documents relevant to Plaintiff's claims, Plaintiff's motion to compel is granted for this request for production as to any non-privileged documents not provided. Defendant shall respond to the request—numbered in Plaintiff's second motion to compel

---

[3]The court does not reach Plaintiff's argument that the work product or attorney-client privilege does not apply, as this assertion has not been substantiated on the present record.

as request 1—within 20 days of the date of this order, produce those non-privileged documents described, and provide Plaintiff with a privilege log as to those documents over which privilege is asserted.

The request for pre-suit communications between the Florida Board of Regents and Defendant (number 5 above) is overly broad because as worded it includes all communications that occurred between the Florida Board of Regents and Tampa General at any time before the initiation of a suit. Plaintiff does not identify which suit the term "presuit" refers to among the multiple actions Plaintiff has brought against Defendant; Plaintiff could be seeking communications made prior to the state court action or communications made prior to the initiation of this current action. Furthermore, the request is not limited to communications regarding Paul Mosley, Jr., nor to a relevant time period for which the communications are sought.

Plaintiff's request for communications between treating physicians and either Defendant or the Florida Board of Regents is likewise overbroad. This request (number 6 above) is expansive and encompasses a large number of communications not remotely related to this case. It is not limited to those physicians who treated Plaintiff, to communications regarding Plaintiff, nor limited in time to the period when Plaintiff stayed at Tampa General.

In the request numbered 7 above, Plaintiff seeks production of all communications between Defendant and any third parties regarding Paul Mosley, Jr.'s hospital admission of March 9, 1998. Defendant objects to this request as overly broad and seeking redundant, irrelevant, and immaterial information that is in no way related to the issues before the court. Plaintiff contends that this information is relevant to Tampa General's intent to deprive Plaintiff of meaningful access to the court. Plaintiff alleges in the complaint that Tampa General provided a fraudulent hospital record

7

to Plaintiff in conspiracy with the Florida Board of Regents. Plaintiff does not allege that any third parties were involved in the conspiracy. (Dkt. 1 at 9-12). It is unclear how communications with third parties who are not alleged to be involved in a conspiracy would be relevant to that conspiracy.

Finally, the court notes that for all seven requests for production at issue Plaintiff has not shown that he made any attempt to narrow the scope of the documents requested during the discovery period despite the objections regarding breadth made by Defendant. See Wright v. AmSouth Bancorporation, 320 F.3d 1198, 1205 (11th Cir. 2003) (affirming district court denial of motion to compel as overly broad where plaintiff did not attempt to narrow its requests during discovery period).

## III.    Motion to Extend Discovery Cut-off Date

The time for Plaintiff to conduct discovery ended on April 2, 2006. (Dkt. 62). On April 21, 2006, Plaintiff filed a motion to extend the discovery cut-off date to take the deposition of a representative of Defendant. (Dkt. 71). Plaintiff asserts that the deposition is necessary to question Defendant's representative regarding the record procedures surgeons must follow after performing operations in the operating rooms at Tampa General. Defendant argues that the proposed discovery is not relevant and that Plaintiff fails to provide justification for why this discovery could not have been pursued in advance of the cut-off date. (Dkt. 72).

The Middle District Discovery handbook for the Middle District of Florida, persuasive authority in this situation, states that extensions of time for discovery completion may be allowed "only upon a written motion showing good cause (including due diligence in the pursuit of discovery before the completion date)" and that motions for such extensions "are treated with special disfavor if filed after the discovery completion date . . . ." Middle District Discovery (2001) at I(F)(2).

Plaintiff does not offer a reason why he could not conduct this deposition prior to the discovery cut-off date and his motion does not otherwise demonstrate good cause for extending the discovery deadline.

Accordingly, it is therefore **ORDERED** and **ADJUDGED**:

(1) Plaintiff's **First Motion to Compel Better Answers to Plaintiff's Request for Production Dated January 24, 2006** (Dkt. 69) is **DENIED**.

(2) Plaintiff's **Second Motion to Compel Better Answers to Plaintiff's Request for Production Dated January 24, 2006** (Dkt. 68) is **GRANTED IN PART** as to request 1. Defendant shall, within 20 days of the date of this order, produce those non-privileged documents described and provide Plaintiff with a privilege log as to those documents over which privilege is asserted. The motion is **DENIED** as to all other relief requested.

(3) Plaintiff's **Motion to Extend Discovery Cut-off Date** (Dkt. 71) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida this 15th day of May, 2006.

ELIZABETH A JENKINS
United States Magistrate Judge