UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**JOSEPH M. WILLIAMS, ESQUIRE,**
as Administrator ad litem of the
Estate of **PAUL MOSLEY, JR.,**

    **Plaintiff,**

v.                                    Case No. 8:05-CV-68-T-23EAJ

**FLORIDA HEALTH SCIENCES CENTER,
INC., d/b/a Tampa General Hospital,**

    **Defendant.**
_____/

## ORDER

Before the court are **Defendant's Motion for Sanctions** (Dkt. 100) and Nathaniel Tindall, II, Esquire's **Response to Order to Show Cause** (Dkt. 108).

The instant action is Plaintiff's fourth lawsuit (either in state or federal court) against Defendant to recover for the death of Paul Mosley, Jr. The complaint filed on January 10, 2005 alleged that Defendant conspired with the Florida Board of Regents to interfere with a wrongful death action by withholding discovery in a prior lawsuit (Dkt. 1). On July 19, 2006, the court granted Defendant's motion for summary judgment on the grounds that the doctrine of *res judicata* barred Plaintiff's claims (Dkt. 84). In dismissing the action with prejudice, the court specifically found that:

> This action is obviously barred by the state court's dismissal of the 2005 fraud action. The two complaints allege identical facts against [Defendant], the state court issued (yet again) a final judgment on the merits, and nothing prevented the plaintiff from asserting in state court the claims asserted in this action.
>
> . . .
>
> In sum, the plaintiff's failure to assert a wrongful death claim in the original federal

>   action . . . precludes any subsequent claim for wrongful death arising from the same
>   facts. . . . The plaintiff lacks any plausible, non-frivolous argument in avoidance of
>   or in defense against the preclusive effect of *res judicata*.

(Dkt. 84 at 3-4).[1]

On August 1, 2006, Plaintiff filed a motion to alter and/or amend judgment, for rehearing, and for sanctions in which Plaintiff alleged that Defendant "has engaged in fraudulent conduct in [these] legal proceedings" (Dkt. 91 at 4, ¶ 11). The court denied Plaintiff's motion, stating that Plaintiff "demonstrates no plausible, non-frivolous basis to amend or alter the order dismissing the action" (Dkt. 96). Defendant then filed the instant motion for sanctions pursuant to Federal Rule of Civil Procedure 11, arguing that Plaintiff's motion relied on factual contentions which Plaintiff and his attorney knew lacked evidentiary support (Dkt. 100). After considering the record, the court, sua sponte, directed Plaintiff to show cause why Rule 11 sanctions should not be imposed against Plaintiff and/or his counsel for the filing and continuation of the entire action in light of the court's dismissal of the case on the findings that Plaintiff "lack[ed] any plausible, non-frivolous argument" and that the action was "obviously barred" by the doctrine of res judicata (Dkt. 102).

As such, the analysis of whether sanctions should be imposed on Plaintiff and/or his counsel Nathaniel Tindall, Esquire ("Tindall") is two-fold: (1) to determine whether Rule 11 sanctions are appropriate for the filing of Plaintiff's motion to alter and/or amend judgment, for rehearing, and for sanctions ("the rehearing motion") (Dkt. 91); and (2) to determine whether Rule 11 sanctions are

---

[1] Since 1999, Plaintiff has filed four lawsuits against Defendant seeking damages for the death of Mr. Mosley, two in federal court and two in state court. The claims asserted against Defendant have ranged from civil rights violations to malpractice to fraud and conspiracy to commit fraud. Both the state court and this court have dismissed successive lawsuits as barred by the doctrine of *res judicata*.

appropriate under the circumstances for the filing and/or maintaining of the entire action.

As a preliminary matter, there is no evidence to suggest that the court should impose Rule 11 sanctions against Plaintiff; in this instance, it was Tindall who signed the pleadings and was obligated to advise his client that further litigation was precluded. See Worldwide Primates, Inc. v. McGreal, 87 F.3d 1252, 1254 (11th Cir. 1996) (sometimes imposition of sanctions on attorney is more appropriate than on client); Lee v. Criterion Ins. Co., 659 F. Supp. 813, 821 n.5 (S.D. Ga. 1987) (declining to impose sanctions against plaintiff where counsel was under the obligation to advise client of the preclusion of further litigation). Therefore, the analysis of whether Rule 11 sanctions should be imposed will focus on the conduct of Tindall.

## I.      **Defendant's Motion for Sanctions (Dkt. 100)**

Rule 11 sanctions are warranted, after notice and a reasonable opportunity to be heard, "(1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; and (3) when the party files a pleading in bad faith for an improper purpose." Didie v. Howes, 988 F.2d 1097, 1104 (11th Cir. 1993) (internal quotation marks and citations omitted); see Fed. R. Civ. P. 11(b). The court evaluates the conduct in question under an objective standard of reasonableness, meaning "whether the motion, pleading, or other paper reflected what could reasonably have been believed by the signer at the time of signing." Id. "Sanctions are warranted when a party exhibits a deliberate indifference to obvious facts, but not when the party's evidence to support a claim is merely weak." Riccard v. Prudential Ins. Co., 307 F.3d 1277, 1294 (11th Cir. 2002) (internal quotation marks and citations omitted).

In this instance, Plaintiff's August 1, 2006 rehearing motion, in addition to alleging that

Defendant has "once again . . . engaged in fraudulent conduct in legal proceedings," blatantly accuses opposing counsel of fraud and conspiracy to commit fraud upon the court (Dkt. 91 at 4, ¶¶ 11, 12, 14, 15; Dkt. 91 at 6, 7). Plaintiff's motion also calls for sanctions against Defendant and its counsel for allegedly fraudulent conduct. First and foremost, Tindall's request for sanctions was not a proper use of Rule 11 in that Tindall was attempting to re-litigate the merits of his argument upon which this entire action was based—that Defendant engaged in fraudulent conduct upon the court. See Riccard, 307 F.3d at 1294 (motion for sanctions was part of a pattern of re-argument and re-litigation of issues which had already been decided and was improper use of Rule 11). The fact that Tindall requested the imposition of sanctions for an issue which had already been adversely decided against Plaintiff itself warrants sanctions. As previously stated, this court must look to whether, at the time the motion was signed and filed, a reasonable attorney would have believed that the motion was supported by fact and grounded in law. In this instance, Tindall showed a deliberate indifference to obvious facts. In granting summary judgment, the district judge specifically found that "[t]he plaintiff lacks any plausible, non-frivolous argument in avoidance of or in defense against the preclusive effect of *res judicata*." (Dkt. 84 at 4). These findings that Plaintiff did not advance a non-frivolous argument put Tindall on notice that a motion for rehearing was not warranted, much less a request for sanctions. The motion for rehearing was not well-grounded in fact or in law.

Furthermore, Rule 11 was also violated due to Tindall's bald accusations of fraud against opposing counsel. An accusation of fraudulent conduct against another member of the bar is a serious charge; in this instance, it is wholly unsubstantiated. The court cannot condone ad hominem attacks against counsel that are abusive, offensive, and baseless. See Thomas v. Tenneco Packaging Co., Inc., 293 F.3d 1306, 1320-22 (11th Cir. 2002) (finding of bad faith warranted where attorney

4

included patently offensive remarks directed to opposing counsel in court filings); Coats v. Pierre, 890 F.2d 728, 734 (5th Cir. 1989), cert. denied, 498 U.S. 821 (1990) (abusive language toward opposing counsel in court documents constitutes a form of harassment prohibited by Rule 11); accord Redd v. Fisher Controls, 147 F.R.D. 128, 132-33 (W.D. Tex. 1993).

Rule 11 sanctions against Tindall for the accusations of fraud against opposing counsel are particularly appropriate in this instance. Tindall has been liberal in accusing Defendant of fraud throughout this entire action; the motion for rehearing liberally sprinkles accusations of fraudulent conduct against defense counsel. In his response, Plaintiff asserts, without evidentiary support, that his strong language in the motion was "born out of the frustration . . . at having had review on the merits of Plaintiff's claims . . . repeatedly denied" and meant no disrespect to the court (Dkt. 108 at 20). Launching allegations of fraud against opposing counsel without reasonable inquiry as to their truth is unprofessional and unethical behavior, not to mention offensive and damaging to reputable attorneys. As one court stated, "[l]awyers cannot . . . be allowed to make such abusive remarks against opposing counsel and expect to be able to say 'so sorry, I didn't really mean it' and not face sanctions." Redd, 147 F.R.D. at 133.

It is also noteworthy that another judge of this court has previously warned Tindall against bringing unsubstantiated claims and admonished him about the seriousness of his obligations under Rule 11. Tindall v. Gibbons, 156 F. Supp. 2d 1292, 1300-01 (M.D. Fla. 2001). Likewise, the finding in the instant case that the entire lawsuit was "obviously barred" by the doctrine of *res judicata* (Dkt. 84) should have put a reasonable attorney on notice that further attempts at litigation would likely trigger a Rule 11 motion. See Baker v. Alderman, 158 F.3d 516, 525 (11th Cir. 1998). Therefore, the court finds that the purposes of Rule 11 sanctions—deterrence, compensation, and

5

punishment—are well-served in this instance by imposing sanctions against Tindall for the filing of the rehearing motion. Id. at 528 ("deterrence remains the touchstone of the Rule 11 inquiry"). Requesting sanctions against Defendant and accusing defense counsel of fraud in Plaintiff's motion for rehearing violated Rule 11.

When imposing sanctions pursuant to Rule 11, the type of sanction to be imposed lies within the district court's discretion. Wendy's Int'l, Inc. v. Nu-Cape Construction, Inc., 164 F.R.D. 694, 700 (M.D. Fla. 1996). "An appropriate sanction may include an order to pay the opposing party or parties the amount of reasonable expenses, including attorneys' fees incurred in responding to the motion, pleading, or paper." Id. The court finds that Tindall should pay all reasonable attorneys' fees and costs incurred by Defendant in responding to the rehearing motion and preparing the motion for Rule 11 sanctions.[2]

## II.     Sanctions for the Filing and Maintaining of the Entire Action

This court sua sponte directed Plaintiff to show cause why Rule 11 sanctions should not be imposed against Plaintiff and/or his counsel for the filing and continuation of the entire action in light of the court's dismissal of the action on the findings that Plaintiff "lack[ed] any plausible, non-frivolous argument" and that the action was "obviously barred" by the doctrine of res judicata (Dkt. 102).

Rule 11 sanctions are appropriate where a party files a claim barred by *res judicata*. E.g., Thomas v. Evans, 880 F.2d 1235, 1240 (11th Cir. 1989) (citations omitted). The doctrine of *res*

---

[2] As set forth in a separate report and recommendation, the undersigned has recommended that Defendant be awarded an amount of prevailing party attorneys' fees and costs pursuant to 42 U.S.C. § 1988 from the date of the inception of this action through the date this court entered judgment in favor of Defendant.

*judicata* "acts as a bar to all legal theories and claims arising out of the same operative nucleus of fact" and also "bars the filing of claims which were raised or could have been raised in an earlier proceeding." Trustmark Ins. Co. v. ESLU, Inc., 299 F.3d 1265, 1270 n.3, 1271 (11th Cir. 2002) (citations omitted). A subsequent suit is precluded by the presence of four factors: "(1) a final judgment on the merits rendered in the previous suit; (2) the judgment was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both cases; and (4) the same cause of action is involved in both cases." Evans, 880 F.2d at 1240 (citation omitted). "Whether the same cause of action exists is determined by reference to the 'operative nucleus of fact.'" Id.

The response to the court's show cause order (Dkt. 108), filed by a law firm retained by Tindall, contends that the doctrine of *res judicata* arguably did not bar the instant action and as such, Tindall should not be sanctioned. However, the reasons that Tindall sets forth in his response as to why a reasonable attorney in like circumstances would have believed the complaint in this case was legally and factually justified are irrelevant. See Didie, 988 F.2d at 1104 (court must apply objective standard of whether a reasonable attorney in like circumstances would have believed the pleading was legally and factually justified at time of filing). Central to the issue of Rule 11 sanctions is Tindall's continuation of this action after the almost-identical state court action was dismissed on the grounds of *res judicata* by the state court in August 2005. As the attorney of record on each of the four lawsuits brought by Plaintiff against Defendant, there is no doubt that Tindall was aware of the of the procedural history of all of these matters. Even if Tindall believed that this lawsuit was "well grounded in law and fact" at its inception, "the action was both factually and legally untenable after the date of that final judgment." Lee, 659 F. Supp. at 820-21 (counsel was under obligation to

7

abandon federal suit after final judgment rendered by state court precluded federal suit on same claims). After the second state court lawsuit was dismissed on the basis of *res judicata*, a reasonable attorney should have conducted a reasonable inquiry and review of the law of *res judicata*, and should have known that the instant action was not well-grounded in fact and was not warranted by existing law, or a good faith argument for the extension, modification, or reversal of existing law. See Fed. R. Civ. P. 11(b)(2); Kahre-Richardes Family Found., Inc. v. The Village of Baldwinsville, N.Y., 953 F. Supp. 39, 42 (N.D.N.Y. 1997) (citation omitted).

At a minimum, Tindall's conduct in maintaining the action after the dismissal of the state court action in August 2005 is sanctionable under Rule 11. For this conduct, Tindall is sanctioned in the amount of $1,000.00 to be paid into the court registry within thirty (30) days of the date of this order.[3] A significant penalty is warranted in light of Tindall's conduct in this case and the fact that the court's past admonishment of Tindall in another case has not deterred him from committing a Rule 11 violation.

The court finds that the imposition of a non-monetary sanction is also warranted. See Fed. R. Civ. P. 11(c)(2); Donaldson v. Clark, 819 F.2d 1551, 1557 n.7 (11th Cir. 1987) (noting different types of non-monetary sanctions a court may impose for a violation of Rule 11). An appropriate sanction in this instance is to require Tindall, at his own expense, to attend in person and complete two continuing legal education courses on professionalism and basic federal practice. Tindall shall complete the Florida Bar's continuing legal education courses entitled *Practicing with Professionalism*, which is required of all newly admitted attorneys, and *Basic Federal Practice*

---

[3] Any monetary penalty ordered by the court for a sua sponte imposition of Rule 11 sanctions must be paid into the court registry. See Fed. R. Civ. P. 11(c)(2)(B) advisory committee's note.

within ninety (90) days of the date of this order. Tindall shall also file proof of his attendance and completion of the courses with this court.

### III.   Conclusion

Accordingly and upon consideration, it is **ORDERED AND ADJUDGED**:

(1) Defendant's motion for Rule 11 sanctions (Dkt. 100) is **GRANTED**. The court finds that Tindall violated Rule 11 in bringing the rehearing motion (Dkt. 91). Tindall is required to reimburse Defendant for the reasonable attorneys' fees and costs incurred by Defendant in defending the rehearing motion.

(2) The parties shall make every effort to stipulate to an agreed sum for attorneys' fees and costs for the rehearing motion. If the parties reach an agreement, Defendant shall inform the court of such agreement. If the parties are unable to reach an agreed sum within 14 days of the date of this order, Defendant shall file an affidavit detailing the reasonable attorneys' fees and costs incurred in defending the motion for rehearing. Defense counsel is also directed to submit proper documentation for an award of attorneys' fees and costs, including time sheets verifying the fees claimed. Tindall shall have ten (10) days to object to the fees outlined in defense counsel's affidavits, and this court shall resolve any dispute in the amount of fees claimed by defense counsel.

(3) The court sua sponte imposes sanctions on Nathaniel Tindall, Esquire pursuant to Federal Rule of Civil Procedure 11 for the maintaining of the action after the dismissal of the almost-identical state court action in August 2005 on res judicata grounds. Within thirty (30) days of the date of this order, Tindall shall pay a fine in the amount of $1,000.00 into the court registry. Tindall is also required, at his own expense, to attend in person and complete the

Florida Bar's continuing legal education courses entitled *Practicing with Professionalism* and *Basic Federal Practice* within ninety (90) days of the date of this order, and shall file proof of his attendance and completion of the courses with this court.

**DONE AND ORDERED** in Tampa, Florida this 26th day of February, 2007.

ELIZABETH A JENKINS
United States Magistrate Judge